UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
OCT 2 5 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-625-GWU

ANTHONY E. BURNS, PLAINTIFF,

VS: MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

INTRODUCTION

Anthony Burns brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(I).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Burns, a 31 year-old former logger and grocery store clerk with a "limited" education, suffered from impairments related to polysubstance dependency (allegedly in remission), depression, a possible drug-induced mood disorder, anxiety, and chronic neck pain (being status post discectomy and fusion of C5-C6 and C6-C7). (Tr. 18, 22). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 25-26). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 26). The ALJ based this decision, in part, upon the testimony of a vocational expert. (Tr. 24-25).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the

plaintiff.

The hypothetical question presented to Vocational Expert Maureen Sinclair included an exertional limitation to medium level work along with such non-exertional limitations as (1) an inability to perform work requiring the use of the hands over the head; (2) an inability to perform work requiring frequent movement of the head; (3) an inability to ever climb ropes, ladders, or scaffolds; (4) a need to avoid exposure to industrial hazards or vibration; (5) a limitation to simple, entry-level work with only one-two-three step procedures; (6) an inability to perform work requiring frequent changes of routine, independent planning or the setting of goals; (7) an inability to perform work requiring literacy; and (8) an inability to more than occasionally interact with the general public. (Tr. 523-524). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 524-525). Therefore, assuming that the vocational factors considered by Sinclair fairly depicted Burns' condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error. Dr. Bobby Kidd examined Burns but did not find that his physical condition imposed any functional limitations. (Tr. 480-483). Dr. James Ross (Tr. 189) and Dr. Gary Higgason (Tr. 384), the non-examining medical reviewers, each opined that the plaintiff's physical problems were "less than severe." The extensive restrictions of the hypothetical question were consistent with these opinions. More severe physical limitations than those found by the ALJ were not imposed by such treating and examining sources as the staff at Appalachian Regional Healthcare (Tr. 213-225), the staff Samaritan Hospital (Tr. 386-392), and the staff at the Spine and Brain Neurosurgical Center

6

(Tr. 406-416, 452-466). These reports provide substantial evidence to support the administration decision.

Dr. Roy Varghese, a treating physician at Mary Breckinridge Healthcare, opined in January, of 2004 that Burns was disabled. (Tr. 445). The doctor appeared to relate this opinion primarily to the plaintiff's herniated cervical disc. (Tr. 445). However, the plaintiff underwent surgery for this problem in April of 2004 at Samaritan Hospital. (Tr. 386-392). A July, 2004 x-ray of the cervical spine revealed no evidence of instability. (Tr. 454). Dr. Varghese made no comments concerning the claimant's ability to perform work activity after the surgery. Thus, Dr. Varghese's pre-surgery opinion does not appear relevant to the period after the surgery. Furthermore, Burns does not raise an issue concerning Dr. Varghese's disability opinion. Therefore, this opinion was properly disregarded by the ALJ.

The ALJ also dealt properly with the evidence of record relating to Burns' mental problems. Psychologist William Rigby examined the plaintiff and diagnosed malingering, polysubstance abuse, a depressive disorder and an anxiety disorder. (Tr. 196). The plaintiff's ability was rated as "good" in such areas as sustaining attention and concentration with repetitive tasks, handling simple instructions, relating to others such as co-workers and supervisors, and adapting to the stress and pressures of work activity. (Tr. 196). Neither Ann Demaree (Tr. 198) nor Jane Brake (Tr. 369), the non-examining medical reviewers, thought that the plaintiff suffered from a "severe" mental impairment. The extensive mental restrictions of the hypothetical question were compatible with these opinions.

Burns was hospitalized at Appalachian Regional Hospital in June of 2002 (Tr. 160-175) and in April of 2004 (Tr. 393-405). Upon admission the plaintiff's

7

Global Assessment of Functioning (GAF) was rated at 40. Such a GAF suggests the existence of major psychological impairment according to the American Psychiatric Association's Diagnostic and Statistical Manual for Mental Disorders (4th Ed.-Revised, 1994). However, on each occasion, the claimant's GAF at discharge had risen to 60, suggesting the existence of only "moderate" psychological symptoms consistent with the mental limitations presented in the hypothetical question. Furthermore, these hospitalizations revealed major problems with drug and alcohol abuse. Public Law 104-121 rules out a finding of disabled status when drug or alcohol abuse is a contributing material factor. Therefore, these reports also do not support the plaintiff's claim.

Dr. Basavapunna Kaza, a treating physician, opined that Burns was disabled by his mental problems. (Tr. 433). The ALJ noted a number of reasons why this opinion was not entitled to superior weight and should be rejected. (Tr. 21). The doctor did not appear to be aware of the plaintiff's serious problems with drug and alcohol abuse since the claimant denied having such problems since being a teenager. (Tr. 431). The doctor indicated on several occasions that the patient was doing better. (Tr. 418, 447). The Court notes that Burns' GAF was rated at 55, suggesting the existence of only "moderate" psychological symptoms, rather than a totally disabling condition. Therefore, under these circumstances, the undersigned finds that the ALJ properly rejected Dr. Kaza's opinion.

Burns asserts that the vocational expert did not consider all aspects of the ALJ's hypothetical question. The plaintiff asserts that an inability to perform work requiring working with hands overhead was not considered by Sinclair. As noted by the plaintiff, Sinclair did begin her testimony by restating several of the factors which ALJ had just given her. (Tr. 524). However, it is not clear to the Court that

8

the expert did not consider the factors which she did not restate. Furthermore, no physician of record specifically reported the existence of such a limitation. Thus, it was arguably a gratuitous finding and its omission would be harmless error. Therefore, the Court must reject the claimant's argument.

Burns also asserts that the ALJ erred in rejecting an alternative hypothetical question in response to which Sinclair indicated no jobs could be performed. The ALJ noted a number of very severe mental restrictions in the third hypothetical question presented to Sinclair. (Tr. 526). However, the ALJ ultimately concluded that the plaintiff's mental problems did not reach this level of severity and the undersigned concluded that this finding was appropriate. Therefore, this alternative hypothetical question was properly disregarded by the ALJ.

Burns argues that the ALJ did not properly evaluate his subjective pain complaints. Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively-determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Burns was found to be suffering from a potentially painful condition. However, even if he could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs. An August, 2000 MRI Scan of his lumbar spine was normal. (Tr. 221). An October, 2003 x-ray of his right shoulder was normal. (Tr. 226). As previously noted, a July, 2004 x-ray of the cervical spine revealed no

9

instability following his surgery. (Tr. 454). Therefore, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the ___25___ day of October, 2006.

G. WIX UNTHANK
SENIOR JUDGE

10